SIGNED this 29th day of July, 2013

_____
John C. Cook
**UNITED STATES BANKRUPTCY JUDGE**

_____

## UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Fred Winston Parham** | ) | **No. 07-14147** |
| **Myrna Cash Parham** | ) | **Chapter 13** |
| | ) | |
| **Debtors** | ) | |

## M E M O R A N D U M

　　　　This case is before the court on the Motion for Contempt filed by the debtors on May 21,

2013. The motion asks the court to hold the United States of America, Department of Treasury,

Internal Revenue Service, in contempt for violating the discharge injunction set forth in 11

U.S.C. § 524(a)(2) and (3) by acting to collect a debt that had been discharged in the debtors'

chapter 13 case. The motion seeks an award of actual damages, punitive damages, costs, and

attorney's fees. In response, the IRS relies on 26 U.S.C. § 7433(d)(1) in arguing that, before any

judgment for damages can be entered against it for violation of the discharge injunction, the

debtors must first exhaust their administrative remedies. The parties agree that this legal issue

should be decided before the court conducts any evidentiary hearing on the motion, so the sole

issue addressed by this memorandum is whether the debtors are obligated to exhaust their administrative remedies before proceeding with the Motion for Contempt.

The IRS is, of course, an agency of the United States, and "[i]t long has been established . . . that the United States, as sovereign, 'is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976). Waivers of sovereign immunity must be "unequivocally expressed," and are "construed strictly in favor of the sovereign." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992) (citations omitted).

Section 7433 of the Internal Revenue Code explicitly waives sovereign immunity for actions against the IRS for willfully violating the discharge injunction under 11 U.S.C. § 524 in connection with the collection of federal tax. Specifically, subsections (e)(1) and (2)(A) of the statute provide as follows:

(e) **Actions for violations of certain bankruptcy procedures**.--

(1) **In general**.—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 (relating to automatic stay) or 524 (relating to effect of discharge) of Title 11, United States Code (or any successor provision), or any regulation promulgated under such provision, such taxpayer may petition the bankruptcy court to recover damages against the United States

.

(2) **Remedy to be exclusive**.—

(A) In general.—Except as provided in subparagraph (B), notwithstanding section 105 of such Title 11, such petition shall be the exclusive remedy for recovering damages resulting from such actions.[1]

---

[1]Subparagraph (B) mentioned in § 7433(e)(2)(A) does not apply to actions seeking

(continued...)

-2-

26 U.S.C. § 7433(e)(1), (2)(A). The plain language of the statute makes a petition under sub-section (e) a debtor's exclusive remedy for recovering damages. That provision specifically prohibits this court from fashioning a damages remedy under its broad powers conferred by § 105 of the Bankruptcy Code and purports to bar all other remedies for violations of the dis-charge injunction.

Section 7433 also places limitations on the damages that may be awarded by the bank-ruptcy court. Subsection (b) states:

> (b) **Damages**.—In any action brought under subsection (a) *or petition filed under subsection (e)*, upon a finding of liability on the part of the defendant, the defend-ant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of—
>
>> (1) actual, direct economic damages sustained by the plaintiff as a proxi-mate result of the reckless or intentional or negligent actions of the officer or employee, and
>>
>> (2) the costs of the action.

*Id.* § 7433(b). Furthermore, any damage award that the bankruptcy court makes under subsection (b) is conditioned upon compliance with the provisions in subsection (d) of the statute. That provision states:

> (d) **Limitations**.—
>
>> (1) **Requirement that administrative remedies be exhausted**.—A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.

---

[1](...continued)
damages for violations of the discharge injunction and therefore that subparagraph is not relevant here.

(2) **Mitigation of damages**.—The amount of damages awarded under subsection (b)(1) shall be reduced by the amount of such damages which could have reasonably been mitigated by the plaintiff.

(3) **Period for bringing action**.—Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

*Id.* § 7433(d).

As can be seen from reading § 7433 in its entirety, the exclusive remedy for recovering damages from the Internal Revenue Service for violating the discharge injunction is a petition brought pursuant to § 7433(e). However, such a petition is subject both to the limitation of damages set forth in subsection (b) of the statute and the exhaustion of remedies requirement in subsection (d)(1) of the statute. A number of courts, including the United States Courts of Appeals for the Second and Seventh Circuits, have so applied the statute, determining that, before a judgment for damages can be awarded to a debtor under subsection (b) of § 7433 for violation of the discharge injunction or automatic stay, subsection (d) requires the debtor first to exhaust the administrative remedies available to the debtor within the Internal Revenue Service.[2] *Kovacs v. United States*, 614 F.3d 666, 673 (7th Cir. 2010); *Kuhl v. United States,* 467 F.3d 145, 147 (2d Cir. 2006); *IRS v. Abate (In re Abate)*, Nos. 07-2953(JBS), 05-19745/GMB, 2008 WL 1776529, at *2-3 (D.N.J. Mar. 18, 2008); *Kight v. Dep't of Treasury/IRS (In re Kight)*, 460 B.R. 555, 565 (Bankr. M.D. Fla. 2011); *In re Cooper*, No. 10-11701C-13G, 2011 WL 165830 (Bankr. M.D.N.C. Jan. 19, 2011); *Swensen v. United States* (*In re Swensen*), 438 B.R. 195, 198 (Bankr.

---

[2]The administrative remedies referenced in subsection (d) of the statute may be found at 26 C.F.R. § 301.7344-2.

-4-

N.D. Iowa 2010); *Jacoway v. Dep't of Treasury—IRS (In re Graycarr, Inc.)*, 330 B.R. 741

(Bankr. W.D. Ark. 2005).

Although the debtors cite *In re Jha*, 461 B.R. 611 (Bankr. N.D. Cal. 2011), for the

proposition that the debtors need not exhaust administrative remedies before seeking relief in bank-

ruptcy court, the court does not find *Jha* persuasive. In concluding that the "administrative remedy"

requirement was not applicable to a petition brought pursuant to subsection (e)(1) of section 7433,

the *Jha* court noted that subsection (e)(2) of the statute stated that such a petition shall be the

"exclusive remedy" for recovering damages for violations of the discharge injunction or the

automatic stay. The court further reasoned that, because there is no express requirement in

subsection (e)(1) that administrative remedies must first be exhausted, a petition filed in bankruptcy

court pursuant to subsection (e)(1) is not subject to such a requirement. The *Jha* court essentially

concluded that the words "exclusive remedy" in subsection (e)(2) should be read to exclude any such

"exhaustion" requirement with respect to a petition under subsection (e)(1). That reading of the

"exclusive remedy" language is inconsistent with case law interpreting similar language in

§ 7433(a).[3] Additionally, reading the statute as *Jha* suggests requires that one ignore the plain

---

[3]Courts have held that the "exclusive remedy" language of § 7433(a) acts to prevent re-
covery against the government under any other statutory provision. *See Shwarz v. United States*,
234 F.3d 428, 432-433 (9th Cir. 2000) (noting that congressional conference agreement adding
"exclusive remedy" language to § 7433(a) "makes clear . . . that, except for § 7432 actions, all
other actions for improper collection activity are precluded by § 7433."); *Ross v. United States*,
460 F. Supp. 2d 139, 148-149 (D.D.C. 2006) ("[T]he plain language of section 7433(a) . . . bars
plaintiffs' claim for damages to the extent plaintiffs seek such relief under [other statutory pro-
visions]."). It does not, however, excuse the requirement in § 7433(d) that a party exhaust ad-
ministrative remedies. *Id.* at 146 ("Exhaustion remains a requirement of maintaining a suit for
damages under section 7433"); *see also Hoogerheide v. IRS*, 637 F.3d 634, 639 (6th Cir. 2011)
(holding that the "exhaustion" requirement in § 7433(d) is mandatory for damage actions filed
pursuant to §7433(a)).

meaning of § 7433(b) and (d)(1). As noted above, subsection (b) explicitly applies to petitions under subsection (e), and subsection (d)(1) applies to all awards under subsection (b). Hence, a petition brought pursuant to subsection (e) is subject to the provisions of both subsections (b) and (d)(1) of the statute. Subsection (e)(2) simply makes a petition under subsection (e)(1) the "exclusive remedy" for suing the Internal Revenue Service for purposes of waiving sovereign immunity, but such a petition is expressly subject to the damages limitation set forth in subsection (b) and the "exhaustion of administrative remedies" requirement found in subsection (d)(1) of the statute. Not only is this interpretation consistent with decisions interpreting similar language in other parts of § 7433, but it also follows the well-settled rules that all parts of a statute should be given effect, if possible, *see Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 513 (1981), and that a waiver of sovereign immunity should be strictly construed, *Nordic Village, Inc.*, 503 U.S. at 34.

Accordingly, the debtors may not proceed with their motion insofar as they seek an award of damages against the IRS until they have exhausted the administrative remedies available to them within the Internal Revenue Service. The court will, therefore, enter an order denying the Motion for Contempt without prejudice.

###